### KISOVITZ v. ROSENBERG.

(Court of Appeals of District of Columbia. Submitted November 12, 1920. Decided January 3, 1921.)

No. 1349.

1. Patents �köm90(5)—Foreign patent, disclosing interference claim, held constructive reduction to practice.

An application for a foreign patent, which discloses the invention in issue in an interference proceeding and contains a claim broad enough to include the issue, is a constructive reduction to practice of the invention in issue, though there was no claim of the specific device of the issue.

2. Patents ⊙══90(5)—Application within limited time after foreign application is effective on date of foreign application.

Where an inventor filed his application for a United States patent within the time limited by Rev. St. § 4887 (Comp. St. § 9431), after his application for a foreign patent was filed, the United States application has the same effect as if it had been filed on the date the foreign application was filed.

Appeal from the Commissioner of Patents.

Interference proceedings between Samuel Kisovitz and Benjamin Rosenberg. From a decision of the Commissioner of Patents, awarding priority to Rosenberg, Kisovitz appeals. Affirmed.

C. P. Goepel, of New York City, and W. G. Henderson, of Washington, D. C., for appellant.

William F. Nickel, of New York City, for appellee.

VAN ORSDEL, Associate Justice. This is an appeal from the decision of the Commissioner of Patents in an interference proceeding, and was determined by all of the tribunals below in favor of appellee. The invention is described in count 2 of the issue as follows:

⊙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"2. A box comprising a body portion, and a cover therefor hinged to the rear end of said body portion, said cover being formed of transverse unequal sections connected by a hinge line, and the forward section being longer than the body of the rear section and capable of being folded thereon and therewith turned into a substantially vertical position supporting the body of the box in an inclined display position, and said forward section being formed integrally with a hinged lip adapted to engage said body portion and lock said cover thereto when said cover is in its folded prop position."

[1] The case turns upon the right of appellee to claim the filing date of a British application as his date of constructive reduction to practice. This is contested chiefly upon the ground that neither the British application nor the patent issued thereon contained a claim commensurate to the claims here in issue. It is true there is no claim in the British patent to the specific device of the present issue, nor is such claim in the United States application. But the same disclosure appears in each application, and each contains a claim broad enough to include the present issue. It therefore follows that the date of filing the British application constituted a constructive reduction to practice of the invention in issue.

[2] Appellee's British application, filed February 9, 1916, and his United States application, filed January 16, 1917, fell within the limitations of section 4887, Rev. Stats. (Comp. St. § 9431). This gives the United States application the same force and effect as it would have if it had been filed on the date the British application was filed. Inasmuch as the preliminary steps leading up to the filing of the British application were found by the tribunals below to have occurred at a time prior to any date to which appellant can lay claim, and we concur in this finding, appellee must prevail.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.

Affirmed.